Milligan, J.,
delivered the opinion of the Court.
This is a judgment, by motion, against a constable and two of his securities in his official bond, for his default, and failing to return an execution within the *400 time prescribed by law. The motion was originally instituted, under a proper notice, before a Justice of the Peace of Williamson County, who gave judgment against the constable and two of his securities, for 406.82. From this judgment the plaintiff in error appealed to the Circuit Court, when the cause was again tried with a similar result; and an appeal in error prosecuted to this Court. All the facts necessary to sustain the judgment appear .in the record, and are recited with formal particularity in the judgment itself, except one, and that is fatal. There is a variance between the defendants in the judgment and .the parties to the bond set out in the record. The judgment is against the constable, and N. Walsh and C. Ozment, and the bond is executed by E. M. Hearn, R. P. Donnell, N. Walsh, and C. Ozment. This is error. . The motion given by the Statute carries with, it the right to move against the officers and the securities on his official bond, or other bond executed in the discharge of the particular duty: Code, sec. 3584. This form of judgment, by motion, being in derogation of the common lav/, must be taken strictly. And, as a consequence of this rule, says Judge Turley, in the case of Rice et al. vs. Kirkman, 3 Humph., 415, it has always been held that a Statute, giving a remedy by motion, has no latitude of construction. The Statute gives judgment on motion, against the officer and his securities. If the judgment be taken against less than the number of the securities, are the terms of the stat *401 ute complied with? Is it against his securities? Surely not. A judgment is given, on motion, against two. Upon what principle shall you have it against one? If it he done, it must be by construction and that a very dangerous construction.
The record discloses no reason why all the securities were not embraced in this motion. It is, however, stated in argument, that Donnell is dead, and, if so, the remedy is complete against the surviving securities. But the record must show that fact, to sustain the judgment against the plaintiff in error. In all other respects there is no error in the record; and, from a view of the whole case, we think the omission to move against all the securities on the bond, or to show, in the record, that the one omitted was dead, if such be the fact, was an oversight, without culpable omission; and we, therefore, reverse the judgment, and remand the cause for further proceedings.